## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **SCOTT NICOLLS and** | : | **Bankruptcy No. 05-33208 BM** |
| **ERIN A. LOHR  a/k/a** | : | |
| **ERIN A. CARTWRIGHT,** | : | |
| | : | |
| **Debtors** | : | **Chapter 7** |
| | : | |
| **CHARLES O. ZEBLEY JR., TRUSTEE,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Adversary No. 07-2273 BM** |
| | : | |
| **TONI McKAY, i/a/d/b/a** | : | **Complaint To Recover Property Of** |
| **STARBOUND ENTERTAINMENT,** | : | **The Estate and Revoke Discharge** |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **ASSOCIATION, PARKVIEW** | : | |
| **HOSPITAL, INC., and PARKVIEW** | : | |
| **HOSPITAL PHYSICIANS,** | : | **Doc. # 11: Parkview Defendants'** |
| | : | **Motion For Summary Judgment** |
| **Defendants** | : | |

Appearances:   Charles O. Zebley Jr., Esq., Plaintiff
               Timothy A. Krieger, Esq. for Defendants Toni McKay and State Farm
               Thomas A. McDonnell, Esq. for "Parkview" Defendants

## MEMORANDUM OPINION

The chapter 7 trustee in this adversary action asserts that the claims of defendants Parkview Hospital, Inc. and Parkview Hospital Physicians (collectively "Parkview") are unsecured.  The trustee further asserts that as a hypothetical bona fide purchaser he may avoid their asserted lien upon the settlement proceeds of a lawsuit debtor Scott Nicolls brought against defendant Toni McKay for personal injuries he suffered while a passenger in a motor vehicle driven by McKay.

Parkview has brought a motion for summary judgment in its favor and against the chapter 7 trustee, who opposes the motion.

Parkview's summary judgment motion will be granted for reasons set forth in this memorandum opinion.

**FACTS**

The following facts are not in dispute here.

Nicolls was a passenger along with several other individuals in a motor vehicle driven by defendant McKay.  He was seriously injured when the vehicle went out of control and flipped over in LaGrange County, Indiana, on September 7, 2004. Nicolls was transported immediately after the accident to Parkview Hospital, which is located in Indiana, and underwent surgery that was performed by Parkview Hospital Associates.  He was hospitalized for a period of ten days.

Defendant McKay was insured at the time of the accident by State Farm Mutual Insurance Company.   The limit on liability coverage was $300,000 per accident.

Nicolls returned to Pennsylvania Immediately after his discharge from the hospital.  He was a resident of Pennsylvania at the time of the accident and remains so to the present.

Nicolls and his wife filed a voluntary joint chapter 7 petition on September 26, 2005.   A chapter 7 trustee was appointed the same day.

The schedules accompanying the petition list assets with a total declared value of $155,927.28.  Chief among the assets was a pending "personal injury claim"

by Nicolls arising out of the above motor vehicle accident.  Nicolls had commenced a

personal injury lawsuit against McKay in state court in Pennsylvania prior to the

commencement of this bankruptcy case.

Parkview was identified as having undisputed general unsecured claims for

medical services they provided Nicolls during his hospitalization.  Parkview Hospital

was listed as having a claim in the amount of $48,469.38.  Parkview Hospital

Associates was listed as having an unsecured claim in the amount of $5,395.00.

Parkview subsequently filed proofs of claim totaling $ 40,036.28.  It asserted

that the claims were secured by perfected liens that had arisen under the Indiana

Hospital Lien Act, I.C. 32-33-4-3 *et seq.*, for medical services provided to debtor

during his hospitalization.

The attorney who represented Nicolls in the personal injury lawsuit against

McKay was authorized by this court on October 31, 2006, to serve as special counsel

in prosecuting the lawsuit against McKay on behalf of the bankruptcy estate.

A proposed settlement of the lawsuit eventually was approved by this court

on January 18, 2007.

Five other individuals in addition to debtor Nicolls who were passengers in

the motor vehicle when it turned over were also injured.  The liability limit under

McKay's insurance policy with State Farm was $300,000 per accident.  The proposed

settlement apportioned $300,000 among Nicolls and the other passengers.

State Farm agreed to pay $89,100 to the bankruptcy estate in this case for

Nicoll's injuries.  Special counsel was to receive (and did receive) $31,004.02 of this

amount while the chapter 7 trustee was to receive the remaining $58,095.98 for distribution to creditors of the bankruptcy estate.

The chapter 7 trustee commenced this adversary action to determine the secured status of Parkview. According to the chapter 7 trustee, Parkview does not have a perfected and enforceable lien upon the proceeds of the settlement. He seeks to avoid the lien as a hypothetical bona fide purchaser in accordance with § 545(2) of the Bankruptcy Code and requests a determination that Parkview's claim in entirely unsecured.

Parkview has brought the motion for summary judgment that presently is before the court.

Parkview and the chapter 7 trustee agreed during oral argument on Parkview's motion that this adversary action could be decided one way or the other as a matter of law. They also indicated that if the matter goes to trial, neither side would offer anything beyond what was produced in connection with Parkview's summary judgment motion. We understood them to mean by this that if a summary judgment did not issue in favor of Parkview, one should issue instead in favor of the chapter 7 trustee.

## DISCUSSION
### *The Standard for Summary Judgment*

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment in its favor as a matter of law. *Federal Rule of Civil Procedure 56(c).* The function of the court in such a context is to determine whether there is a genuine issue for trial, not to weigh the

evidence and determine the truth of the matter. *Tse v. Ventana Medical Systems, Inc.*, 297 F.3d 210, 218 (3d Cir 2002).

The standard for granting a summary judgment "mirrors" that for a directed verdict under Federal Rule of Civil Procedure 50(a). *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A dispute concerning a specific fact is "material" when it bears on an essential element of a [party's claim. *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir 2002).   Materiality in this context depends on the substantive law underlying a party's claim. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

A dispute as to a material fact is "genuine" if the evidence could lead a reasonable finder of fact to return a verdict in favor of the non-moving party. *Anderson*, U.S. at 248, 106 S.Ct. at 2510.

When, as is the case in this instance, the party seeking a summary judgment is a defendant, the burden lies with the defendant to establish that the plaintiff is not able to establish at least one of the essential elements of the plaintiff's case. *Hugh v. Butler County YMCA*, 418 F.3d 265, 267 (3d Cir 2005), *cert. denied*, 546 U.S. 1094, 126 S.Ct. 1065, 163 L.Ed.2d 861 (2006).

### *The Dispute in This Case*

The chapter 7 trustee and Parkview agree that the above recitation of the facts is true and correct.  They disagree, however, as to what law applies to these facts.

Parkview assert0s that the Indiana Hospital Lien Act applies and establishes that its lien is perfected and may not be avoided by the chapter 7 trustee. The chapter 7 trustee asserts that Article 9 of the Uniform Commercial Code applies, not the Indiana Hospital Lien Act. The chapter 7 trustee maintains that application of Article 9 of the Uniform Commercial Code to the above undisputed facts compels the conclusion that Parkview's lien is not perfected.

### *Does The Indiana Hospital Lien Act or Article 9*
### *of The Uniform Commercial Code Apply to This Case?*

A hospital located in Indiana:

> … has a lien for all reasonable and necessary charges for hospital care, treatment and maintenance of a patient … upon any cause of action, suit, or claim accruing to the patient … because of the … injuries that:
> > (1) gave rise to the cause of action, suit or claim; and
> > (2) necessitated the hospital care, treatment and maintenance.

I.C. 32-33-4-3(a).[1]

---

[1]. Pennsylvania does not have a statute that corresponds to the Indiana Hospital Lien Act, which gives providers of medical services a lien upon the proceeds of such a cause of action.

With certain exceptions not relevant here, the lien applies to any amount obtained by the patient by way of a settlement or compromise rendered or entered into by the patient. I.C. 32-33-4-3(b).

Debtor Nicolls was admitted to Parkview Hospital in September of 2004, where he was treated for the injuries sustained in the above motor vehicle accident. The pre-petition lawsuit Nicolls brought against McKay, which was pending when Nicolls and his wife commenced this bankruptcy case, became property of the bankruptcy estate at that time. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9, 103 S.Ct. 2309, 2313 n.9, 76 L.Ed.2d 515 (1983).

A settlement eventually was reached with State Farm, McKay's liability insurer. It provided for a payment in the amount of $89,100 for Nicoll's injuries. The proposed settlement was approved by this court in January of 2007. Special counsel who prosecuted the lawsuit on behalf of the bankruptcy estate was paid from the settlement proceeds; approximately $58,100 remains under the control of the chapter 7 trustee and is available for distribution to Nicolls' creditors.

To perfect its lien under the Indiana Hospital Lien Act, Parkview was required to file of record with the recorder of the county in which Parkview is located a written verified statement setting forth specified information. The verified statement had to be filed within one hundred eighty days after debtor's discharge from the hospital. I.C. 32-33-4-4(a).

Parkview was required to send a copy of the verified statement within ten days after filing the statement to: (1) each person claimed to be liable for the injury;

(2) to the attorney representing the patient, if known; and (3) to the Indiana Department of Insurance as notice to insurance companies doing business in Indiana. I.C. 32-33-4-4(b).

The filing of a lien in accordance with subsections (b) and (c) constitutes notice to any person, firm, limited liability company, or corporation that may be liable because of the injury that: (1) receives notice under subsection (b); (2) resides or has an office in the county where the lien was perfected or in a county where the lien was filed in the recorder's office as notice under this subsection; or (3) is an insurance company authorized to do business in Indiana. I.C. 32-33-4-4(c).

The chapter 7 trustee admits that Parkview complied with all of the above requirements for perfecting its lien under the Indiana Hospital Lien Act.  He insists, however, that this is irrelevant to the present case and denies that the Indiana Hospital Lien Act provides the basis for determining whether Parkview perfected its lien for purposes of this case.

The chapter 7 trustee maintains that Article 9 of the Uniform Commercial Code applies and determines whether Parkview perfected its lien.  According to the chapter 7 trustee, Parkview did not comply with the requirements of Article 9 of the Uniform Commercial Code and consequently did not perfect its lien.

For its part, Parkview admits that it did not adhere to the perfection requirements of Article 9 of the Uniform Commercial Code.  It did not, for instance, file a financing statement, as is required by 13 Pa. C.S.A.  § 9310(a).    Parkview denies, however, that Article 9 of the Uniform Commercial Code controls the

determination whether it perfected its lien and is a secured creditor; it insists that the Indiana Hospital lien Act does.

Article 9 of the Pennsylvania Uniform Commercial Code contains the following choice-of-law provision:

> ... while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection and the priority of a security interest in collateral.

13 Pa. C. S. A.  § 9301.  The identical provision is found in the Uniform Commercial Code as enacted in Indiana at I.C. 26-1-9.1-301.

Both versions of the Uniform Commercial Code specify that the locus of an individual's principal residence constitutes a debtor's "location". 13 Pa. C.S.A.  § 9307 (b)(2); also I.C. 26-1-9.1-307(b)(2).

Parkview and the chapter 7 trustee are in agreement that debtor Nicolls' principal residence prior to his hospitalization in 2004  was in Pennsylvania and that he returned to Pennsylvania immediately after his discharge from the hospital and resides there to the present time.

Parkview in effect maintains that the Indiana Hospital Lien Act supersedes Article 9 of the Uniform Commercial Code under the facts of this case.  We agree with Parkview. Article 9 of the Uniform Commercial Code does *not* in this instance provide the rule of decision for determining whether its lien was perfected;

Article 9 of the Uniform Commercial Code:

… does not apply to any of the following:…

> (3) A lien, other than an agricultural lien, given by statute or other rule of law for services or materials.

13 Pa. C.S.A.  § 9109(d)(2); also I.C. 26-1-9.1-109(d)(2).

The Indiana Hospital Lien Act is such a statute.  It creates a lien for all reasonable and necessary charges for *hospital care*, *treatment* or *maintenance* of a patient.  The lien attaches to any judgment or settlement obtained in a lawsuit brought by the injured party against the tortfeasor for the injuries that necessitated the hospital care, treatment or maintenance. I.C. 32-33-4-3(a). Hospital care, treatment and maintenance, in other words, qualify as "services" for purposes of 13 Pa. C.S.A. § 9109(d)(2) and I.C. 26-1-9.1-109(d)(2).

Pennsylvania has no law, statutory or otherwise, that gives a hospital located in Pennsylvania a direct interest in the proceeds of such a lawsuit.  The Indiana Hospital Lien Act therefore is the *only* law that is relevant to the present matter. Because the Indiana Hospital Lien Act is "the only game in town", we must look to it to determine whether Parkview perfected its lien.

In light of the chapter 7 trustee's concession that Parkview fully complied with those procedures and requirements, we conclude that Parkview perfected its lien upon the proceeds of the settlement of the lawsuit debtor had commenced against defendant McKay for his personal injuries.

### *Could a Purchaser of Debtor's Cause of Action Avoid Parkview's Lien?*

The chapter 7 trustee asserts in the complaint that he can avoid Parkview's lien 4in accordance with § 545(a)(2) of the Bankruptcy Code.  It is not clear whether this merely is an elaboration of the previously-discussed assertion or is a separate assertion in its own right.  Proceeding with an abundance of caution, we will treat it as a separate assertion and address its merits.

Subsection 545(a)(2) provides in part as follows:

(a) The trustee may avoid the fixing of a statutory lien on property
of the debtor to the extent that such lien -- ….
   (2) is not perfected or enforceable at the time of the commencement of
   the case against a bona fide purchaser that purchases such property at
   the time of the commencement of the case, whether or not such a
   purchaser exists ….

11 U.S.C. § 545(a)(2).

Parkview's lien qualifies as a statutory lien for purposes of this provision.  A lien is defined for purposes of the Bankruptcy Code in general as a charge or interest in property to secure payment of a debt or performance of an obligation.  11 U.S.C. § 101(37).  A statutory lien is a lien that arises by force of a statute under specified conditions or circumstances. 11 U.S.C. § 101(53).

State law determines whether, for purposes of § 545(a)(2), Parkview's statutory lien would be enforceable against a hypothetical bone fide purchaser of debtor's cause of action against McKay. *Saslow v. Valley Farm Management, Inc.(In re Lorettor Winery, Ltd.)*, 898 F.2d 715, 720 (9th Cir. 1990).  But which state's laws should we consider?  Is it Indiana, whose law gave rise to the lien?  Or is it Pennsylvania, the state in which this court is located?

The first step in a choice-of-law inquiry is to determine whether an "actual" conflict exists between the laws of the respective jurisdictions.  If their laws differ, we must examine the policies underlying the law of each jurisdiction and ascertain whether the conflict is "true", "false" or "unprovided-for". *Hammersmith v. TIG Insurance Company*, 480 F.3d 220, 230 (3d Cir 2007).  Further analysis is required only if there is a "true" conflict *i.e.*, if the interest of one jurisdiction would be impaired by applying the law of the other jurisdiction. *Id*.

If their respective laws are the same, there is no conflict at all; our choice-of-law inquiry ends there. *Id*.  When no conflict exists, we may refer interchangeably to the law of either jurisdiction. *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir 2006).

The law of Indiana and that of Pennsylvania concerning what is required for one to qualify as a bona fide purchaser are identical for all intents and purposes.  As a result, we may look to the law of either jurisdiction to determine whether a hypothetical purchaser of debtor's cause of action against McKay would qualify as a bona fide purchaser for purposes of § 545(a)(2).

A bona fide purchaser is protected against a prior interest of another in the property purchased. *Clarkson v. Neff*,  878 N.E. 2d 240, 244 (Ind. App. 2007): also *Lund v. Heinrich*, 410 Pa. 341, 346, 189 A.2d 581, 584 (1963).

To qualify as a bona fide purchaser, one must: (1) pay valuable consideration for the property; (2) have no notice of a prior interest in the property; and (3) act in good faith. *Bank of New York v. Nally*, 820 N.E. 2d 644, 648 (Ind. App. 2005); also *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Cmwlth. 2001).

The purchaser must have neither actual nor constructive notice of the interest of another in the property at the time of the purchase. *Bank of New York*, 820 N.E. 2d at 648; also *Lund*, 410 Pa. at 346, 189 A.2d at 584.

Assume for the sake of argument in this instance that a hypothetical purchaser of the above cause of action paid valuable consideration and acted in good faith in purchasing it.   Would such a purchaser have neither actual nor constructive notice of Parkview's lien on the settlement proceeds under the undisputed facts presented here?

There are two types of actual notice: (1) express; and (2) implied. *Mishakawa, St. Joseph Loan & Trust Co. v. Neu*, 209 Ind. 433, 442, 196 N.E. 85, 89 (1935); also *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514, 517 (Pa. Cmwlth. 1998).

Actual notice is *express* when it is given to one directly and personally. *Keybank, N.A. v. NBD Bank*, 699 N.E. 2d 322, 327(Ind. App. 1998); also *Sabbeth*, 714 A.2d at 517.

Actual notice is *implied* when it may be inferred from the fact that one had the means, which for some reason he or she did not utilize, of finding out the truth about something.   Whatever "fairly" puts one on notice of something is sufficient notice when the means of finding out "are at hand".   If one fails to so inquire, he or she is charged with all those facts which, by a proper inquiry, might have been ascertained. *Mishakawa*, 209 Ind. at 443, 196 N.E. 2d at 89.   One is deemed to have such notice because information of which he or she has direct and personal

knowledge was sufficient to impose on that person a duty to make further inquiry. *Sabbeth*, 714 A.2d at 517.

Constructive notice is provided under Indiana law when an instrument is properly acknowledged and placed on record as is required by some statute. *Keybank*, 699 N.E. 2d at 327. Under Pennsylvania law, the question whether one has constructive notice of a lien is "synonymous" with whether the lien was properly recorded in accordance with pertinent state law. Such law defines the circumstances under which a potential bona fide purchaser is deemed to have constructive notice of a lien. *McLean v. City of Philadelphia, Water Revenue Bureau*, 891 F.2d 474, 478 3d Cir 1989).

It is not disputed that Parkview perfected its lien in accordance with the requirements of the Indiana Hospital Lien Act. One might be inclined to conclude on this basis alone that a reasonable and prudent potential purchaser of debtor Nicoll's cause of action necessarily would have constructive notice of Parkview's lien and for that reason would not qualify as a bona fide purchaser for purposes of § 545(a)(2).

While this inference unquestionably has considerable appeal, we will not resort to it in deciding the present matter. The question remains unanswered whether a potential purchaser of the cause of action who is located in, say, Pennsylvania or some other jurisdiction far removed from Indiana that does not have a statute similar to Indiana's Hospital Lien Act should be expected to know that Indiana has such a statute and therefore should be charged with having constructive notice of Parkview's perfected lien.

We need not address this issue to determine whether Parkview is entitled to a summary judgment in its favor. We conclude in light of the undisputed facts presented here that such a hypothetical purchaser would be charged with having *actual* knowledge of Parkview's perfected lien and therefore would *not* qualify as a bona fide purchaser for purposes of § 545(a)(2).

One would expect a reasonable and prudent potential purchaser of debtor Nicoll's cause of action to inquire of debtor about certain specifics relating to the cause of action. Failure to make such inquiry before purchasing the cause of action would be unreasonable and imprudent and would disqualify that purchaser from enjoying the protection accorded a bona fide purchaser.

A reasonable and prudent potential purchaser of the cause of action would be expected, for instance, to inquire of debtor Nicoll's concerning: where the motor vehicle accident occurred in which debtor was injured; the extent of his injuries; and whether debtor was hospitalized and, if he was, the name and location of the hospital to which he was admitted.

Such a purchaser also would be expected to inquire of debtor Nicolls whether: any amount of the cost of his hospitalization and treatment remained outstanding; the hospital (or anyone else) claimed to have an interest, whether by judgment or some other type of lien, in any recovery debtor might enjoy from the cause of action.

Debtor Nicolls indisputably was in a position to answer such inquiries. If, as he presumably would, debtor answered the queries truthfully and in good faith, he

would have informed the potential purchaser that Parkview claimed to have an interest in any proceeds of such cause of action and had notified him, through his attorney, that it had filed a lien of record in accordance with Indiana law.

If a potential purchaser who made such inquiries and debtor answered them as we expect, the purchaser would have *express* actual notice of Parkview's lien and its perfection.  If, on the other hand, the potential purchaser failed to make such inquiries of debtor when so doing would have provided notice of the lien, the potential purchaser would have *implied* actual notice of Parkview's lien.  Under either scenario, the  purchaser would *not* qualify as a bona fide purchaser for purposes of § 545(a)(2) of the Bankruptcy Code and could not avoid the lien.

We conclude in light of these considerations that the chapter 7 trustee cannot prevail against Parkview to the extent that he seeks to avoid its lien in accordance with § 545(a)(2).  Parkview is entitled as a matter of law to a judgment in its favor and against the chapter 7 trustee.[2]

An appropriate order shall issue.

_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

Dated: **March 18, 2008**

---

[2.] Defendants McKay and State Farm requested In their response to Parkview's summary judgment motion that this court issue an order declaring that any lien held by Parkview, whether it is determined to be secured or unsecured, "be resolved within the portion of the State Farm policy limits apportioned to debtor's claim".

We leave it to another court to decide this question, should it ever arise.  The issue is not before this court at present and will not be dealt with here.  Even if it were, we lack jurisdiction to hear and decide it.  Resolution of this issue would have no conceivable effect on the bankruptcy estate in this case and is therefore not "related to" it. See *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir 1984).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **SCOTT NICOLLS and** | :     **Bankruptcy No. 05-33208 BM** |
| **ERIN A. LOHR a/k/a** | : |
| **ERIN A. CARTWRIGHT,** | : |
| | : |
|        **Debtors** | :     **Chapter 7** |
|     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | : |
| **CHARLES O. ZEBLEY JR., TRUSTEE,** | : |
| | : |
|        **Plaintiff** | : |
| | : |
|      **v.** | :     **Adversary No. 07-2273 BM** |
| | : |
| **TONI McKAY, i/a/d/b/a** | :     **Complaint To Recover Property Of** |
| **STARBOUND ENTERTAINMENT,** | :     **The Estate and Revoke Discharge** |
| **STATE FARM MUTUAL AUTOMOBILE** | : |
| **ASSOCIATION, PARKVIEW** | : |
| **HOSPITAL, INC., and PARKVIEW** | : |
| **HOSPITAL PHYSICIANS,** | :     **Doc. # 11: Parkview Defendants'** |
| | :     **Motion For Summary Judgment** |
|        **Defendants** | : |

### ORDER OF COURT

      **AND NOW**, this _18th_ day of **March**, 2008, for reasons set forth in the

above memorandum opinion, it hereby is **ORDERED**, **ADJUDGED** and **DECREED**

that the motion for summary judgment by defendants Parkview Hospital, Inc and

Parkview Hospital Physicians and against Charles O. Zebley, chapter 7 trustee, be

and hereby is **GRANTED.** Summary judgment in favor of said defendants and

against the chapter 7 trustee **SHALL** be entered

    It is **SO ORDERED**.

                                        3-18-08

                                **BERNARD MARKOVITZ**
                                U.S. Bankruptcy Judge

cm:    Debtors
        Charles O. Zebley Jr., Esquire
        Thomas A. McDonnell, Esquire
        Dennis F. Dykhuizen, Esquire
        Timothy A. Krieger, Esquire
        Office of United States Trustee

**FILED**

MAR 18 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA